The opinion of the Court was delivered by
Gibson, C. J.
The rule in Thomas v. Courtney, (1 Barnew. & Ald. 1,) that collateral securities are not to be delivered up, if there be no stipulation for it, and the debt be not extinct, comes to us with the authority of precedent, and the recommendation of good sense. Why should the creditor be held to what is not a condition of the assignment ? He professed to release the debtor’s liability, and no more. A debt extinguished, may be considered as paid ; but it is not extinguished where there is a surety liable for it: and what else is a collateral security ? It was emphatically a surety in this instance, for it was thrown in as a makeweight for the drawer’s insufficiency. It stood sponsor for a name; and if the debt stands good against either, it is the sponsor. It will not be pretended that to release an endorser, is to release.the maker. A release can embrace a party not named in it, only when there was a joint, or a joint and several liability, or the parties stood in the relation of principal and ♦surety; and the liabilities of drawer and endorser are undoubtedly several. To release the drawer would release the endorser, on the principle that the release of a joint obligor can be made good only by protecting his fellow, to whom he would otherwise be liable for contribution; and as the releasor is bound to abstain from acts that would destroy the effect of the instrument, he would not be suffered to extract the debt from the maker through an endorser. But no. such principle is requisite to give entire effect to a release of the endorser, to whom the maker is not contingently liable. The liability of the maker to the holder is not circuitous, but direct. The promise is to pay disjunctively to the payee or his substitute; and the recourse of the holder to the maker is not intercepted by cutting off the collateral liability of an endorser. It is the extinguishment of a concurrent, but several liability, and no more. But granting that this note was made for the accommodation of the endorsers, on whose part the law would undoubtedly imply a contract of indemnity which might make them liable to the maker, still the collateral securities stand in the place of a surety not entitled to *537 indemnity, and whose exemption is not necessary to ensure the personal exemption of the endorsers. By the terms of the release, they were to be no further exempt; and as the assignment could pass only what they had power to control, the previous hypothecation of the securities could not be impaired by it.
Judgment for the defendant.
Cited hy Counsel, 1 Jones, 124.
Cited by the Court, 2 Watts & Sergeant, 490.